UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA, FLORIDA

SABRINA POLKEY,

    Plaintiff,

v.                                            Case No.:   3:03cv56/RV/MD

TRANSTECS CORPORATION,

    Defendant.
_____/

### PLAINTIFF'S TRIAL BRIEF

COMES NOW plaintiff, Sabrina Polkey, by and through her undersigned counsel, and hereby submits her trial brief as follows:

Plaintiff contends that the only issue of law that may have to be determined by the Court is yet undetermined jury instructions upon which the parties are attempting to agree. Defendant contends that two other issues of law remain to be determined by the Court: (1) that defendant is not an employer under the Employee Polygraph Protection Act ("EPPA") and (2) that it is entitled to take advantage of the "government contractor defense." Neither of these contentions have merit.

*I.      Transtecs was Polkey's Employer for Purposes of the EPPA.*

The definition of employer is set forth in the EPPA codified at 29 U.S.C. § 2001(2). An

employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee or prospective employee." 29 U.S.C. § 2001(2). Defendant argues that it is not an employer under the EPPA. Such an argument is foreclosed by defendant's answer to plaintiff's complaint wherein it admitted that it was an employer under the EPPA. (Answer at ¶ 4). Instead, defendant appears to claim that the Department of the Navy was really plaintiff's employer. This is nonsensical.

The Department of Navy did not hire or fire plaintiff. Nor did it exercise any control over plaintiff's day to day activities. Furthermore defendant's argument does not allow it to escape liability as it is still an employer as that term is defined under the EPPA because, assuming that the Department of the Navy is an employer, defendant was acting on behalf of, and in the interest of, the Department of the Navy and is therefor an employer as that term is defined under the EPPA. Thus, defendant's claim that it was not plaintiff's employer under the EPPA is clearly without merit.

## II. Transtecs is not Entitled to the Government Contractor Defense.

Defendant also argues that it should be entitled to avail itself of the government contractor defense as a matter of public policy. Defendant is precluded from claiming this defense as defendant's answer fails to assert in its affirmative defenses that it was entitled to the government contractor defense. Specifically, the Fourth Affirmative Defense included in defendant's answer states as follows:

> Defendant would show that its actions in investigating intrusion into the United States mails, which mail was handled by Defendant under government contract, did in fact involve substantial amounts of military classified material, such that the statutory national defense counter-intelligence exemption pursuant to the Employee Polygraph Protective [sic] Act, is available, and that Plaintiff's claims under the

Act are therefore barred.

Defendant's fourth affirmative defense does not mention the government contractor defense explicitly or implicitly. Instead, a plain reading of this defense shows that defendant was seeking protection under the EPPA itself for the counter-intelligence exemption which this Court previously rejected. Accordingly, defendant's answer has already foreclosed what it seeks to now contest before this Court.

Even if the Court disagrees with the above analysis, the defendant can find no solace in the government contractor defense because it is simply not applicable in employment cases. The government contractor defense is used to "shield[] contractors from tort liability for products manufactured for the Government in accordance with Government specifications, if the contractor warned the United States about any hazards known to the contractor but not to the Government." Hercules, Inc. v. United States, 516 U.S. 417, 421-22 (1996). Significantly, the defense applies to "tort liability." Plaintiff has not claimed tort liability under the EPPA as the EPPA is clearly a statutory claim. The government contractor defense is simply inapplicable against statutory claims, especially when the government has specifically addressed the issue in the statute itself.

In the EPPA, the federal government retains the right to use employee polygraphs in certain situations. See, e.g., 42 U.S.C. § 2006(b). This clearly addresses any concerns of sovereign immunity as the government subjects itself to suit under the EPPA unless certain exemptions are met. Moreover, there is no conflict between state law and federal law (the purpose behind the government contractor defense) because Polkey seeks relief under the EPPA. Further, the requirements of the government contractor defense itself show that defendant cannot meet its burden.

Specifically, the government contractor defense requires that three elements be met: (1) the government approved "reasonably precise specifications;" (2) "the equipment conformed to those specifications;" and (3) the "supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." Boyle v. United Technologies, Corp., 487 U.S. 500, 512 (1988). Here, the evidence does not show any of the elements being met. The failure of proof on all of these elements renders defendant's claim moot as well.

Kirtley testified that there was no governmental requirement or directive for Transtecs to administer the polygraphs. (Kirtley depo. at 47-48). In fact, Kirtley clearly testified that Ms. Clark never required Transtecs to do polygraphs on anyone, that NCIS never suggested that Transtecs do polygraphs on its personnel, and that base security never required Transtecs to do polygraphs. Indeed, he could not even recall base security's having ever suggested that polygraphs be done. (Kirtley depo. at 81-82). For defendant to attempt to claim that the government made it administer the polygraphs at this late hour is prejudicial to plaintiff.

The public policy concerns claimed by defendant are simply not at issue here and were not mentioned by the Supreme Court when it formulated the government contractor defense. There is no danger to society in allowing plaintiff's claims to go forward. There is no looming harm waiting to befall the United States government. Instead, what defendant urges, if taken out to its logical conclusion, is that if the Department of Navy had ordered the entire mail room murdered as a result of any missing mail, it should be entitled to claim that since it was acting on behalf of the government, no liability should attach. Again, this is nonsensical. Instead, public policy demands that even if the government requests that its contractor commit an illegal practice, that

4

contractor should decline the invitation as there are remedies available to it under law.

### *III.  Conclusion*

Based on the foregoing, defendant is an employer under the EPPA and is not entitled to the government contractor defense.

Respectfully submitted,

s/Richard D. Barlow
Bradley S. Odom (932868)
Richard D. Barlow (0425176)
KIEVIT, ODOM & BARLOW
635 West Garden Street
Pensacola, Florida 32502
(850) 434-3527
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to G. R. Erick Mead, II, Esq., Moore, Hill & Westmoreland, Post Office Box 13290, Pensacola, Florida 32591, by electronic transmission, on this <u>23rd</u> day of July, 2004.

s/Richard D. Barlow
